**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6372**

JOHN G. WESTINE,

Petitioner - Appellant,

v.

WARDEN, FMC Butner,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-hc-02014-FL)

Submitted:  June 27, 2019                                   Decided:  August 16, 2019

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John G. Westine, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John G. Westine appeals the district court's order denying his motion for release pending the court's consideration of Westine's 28 U.S.C. § 2241 (2012) petition. In his motion, Westine alleged that prison officials were refusing him necessary treatment for a terminal illness. On June 5, 2019, the district court issued an order offering Westine the opportunity to convert his pending § 2241 action into a *Bivens*[*] civil rights action in order to challenge the conditions of his confinement. Westine consented and, on June 24, 2019, the court dismissed Westine's § 2241 petition without prejudice and recharacterized it as a prisoner civil rights case under *Bivens*. Upon review, we conclude that the instant appeal is moot.

"The mootness doctrine is a limitation on federal judicial power grounded in the 'case-or-controversy' requirement of Article III of the U.S. Constitution." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013); *see* U.S. Const. art. III, § 2, cl. 1. "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *Springer*, 715 F.3d at 540. We lose jurisdiction over any portion of an appeal that becomes moot. *Incumaa v. Ozmint*, 507 F.3d 281, 285-86 (4th Cir. 2007). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief . . . to a prevailing party, the appeal must be dismissed . . . ." *Id.* at 286 (alteration and internal quotation marks omitted).

---

[*] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the [outcome]." *Id.* (internal quotation marks omitted).

Because the district court has ruled on Westine's § 2241 petition, his request for release or bail pending the district court's decision is moot. Accordingly, we deny leave to proceed in forma pauperis and dismiss this appeal. Our decision, of course, does not impact Westine's pending appeal regarding the merits of his § 2241 petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*